```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

UNITED STATES OF AMERICA

vs.                                          2:07-cr-18-FtM-29SPC

OLIN WELLS
_____

**<u>OPINION AND ORDER</u>**

    This matter comes before the Court on defendant's Unopposed Motion to Reconsider Order (Doc. #62) and defendant's Unopposed Motion for Telephonic Status Hearing Regarding Motion to Reconsider Order (Doc. #63). The Court will grant the motion to reconsider because counsel was not given an opportunity to respond to new information provided to the Court by the Probation Office. The Court will deny the motion for telephonic status hearing because no hearing is necessary. The effect of this is that the Joint Stipulation Regarding Retroactive Application of Revised Cocaine Base Sentencing Guidelines (Doc. #60) is again before the court.

    In the Court's view, it is not clear that defendant is eligible for a sentence reduction under Amendment 750 of the U.S. Sentencing Guidelines. Amendment 750 did not directly affect the sentencing guideline under which defendant was sentenced, but indirectly affected the sentencing guidelines range. The small number of cases cited by defendant do not convince the Court that it is settled that Amendment 750 should be applied to a defendant charged with use or maintenance of a place for the purpose of

manufacturing, distributing or using cocaine base. On the other hand, the Court has found no authority clearly directing that such a derivative reduction of the sentencing guideline range is not within the scope of 18 U.S.C. § 3582(c). Given the government's persistent non-opposition to defendant's requests, the Court will grant the reduction despite its concern. Defendant's Criminal History Category remains V, and his total offense level becomes 23, resulting in a guideline range of 84 to 105 months imprisonment. The Court will again sentence defendant at the low end of the range, to 84 months imprisonment, and leaving all other components of the sentence as originally imposed.

Accordingly, it is now

**ORDERED:**

1. Defendant's Unopposed Motion to Reconsider Order (Doc. #62) is **GRANTED.**

2. Defendant's Unopposed Motion for Telephonic Status Hearing Regarding Motion to Reconsider Order (Doc. #63) is **DENIED.**

3. The Joint Stipulation Regarding Retroactive Application of Revised Cocaine Base Sentencing Guidelines (Doc. #60), deemed to include a motion for reduction of sentence, is **GRANTED.**

4. The Clerk of the Court shall enter an Amended Judgment reducing the sentence imposed to eighty-four (84) months imprisonment, and otherwise leaving all other components of the sentence as originally imposed. This Opinion and Order and the

amended Judgment is subject to the prohibition contained within U.S.S.G. § 1B1.10(b)(2)(c) which provides that "[i]n no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served."

**DONE AND ORDERED** at Fort Myers, Florida, this __23rd__ day of May, 2012.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record
U.S. Probation
DCCD